[Civ. No. 31630. Second Dist., Div. Four. Sept. 18, 1968.]

ROBERT M. DUNTLEY et al., Plaintiffs and Appellants, v. CITY OF CAMARILLO et al., Defendants and Respondents.

Nordman, Cormany, Hair & Compton, William H. Hair and E. John Stanley for Plaintiffs and Appellants.

Royal M. Sorensen, City Attorney and Burke, Williams & Sorensen for Defendants and Respondents.

FILES, P. J.—This proceeding in mandamus was brought

by plaintiffs to compel defendants to terminate certain proceedings which were then pending for the annexation of uninhabited territory. After a hearing in which the only contested issue involved the effect of the 1963 amendment to subdivision (b) of section 35313 of the Government Code (Stats. 1963, ch. 1082, § 1, p. 2544), judgment was entered for defendants. Plaintiffs appeal from that judgment.

In accordance with provisions for the annexation of uninhabited territory (Gov. Code, § 35300 et seq.) the defendant city seeks to annex property known as the City of Camarillo Annexation No. 1 (Revised). The assessed value of the privately owned property within the territory proposed to be annexed is $566,840. The territory also includes publicly owned property which, if privately owned, would have an assessed value of $111,017.

At the time set for hearing protests, plaintiffs, as the private owners of property having an assessed value of $310,510, protested the annexation. No other protests were made. It thus appears that the assessed value of the protesters' property was more than one-half of the value of the privately owned property in the territory proposed to be annexed, but less than half of the value of the entire territory.

Government Code section 35313, as amended in 1963, states in pertinent part:

"At the time set for hearing protests, or to which the hearing may have been continued, the legislative body shall hear and pass upon all protests so made:

(a) If privately owned property and no publicly owned property is proposed to be annexed, further proceedings shall not be taken if protest is made by private owners of one-half of the value of the territory proposed to be annexed. The value given such property for protest purposes shall be that shown on the last equalized assessment roll if the property is not exempt from taxation. If the property is exempt from taxation, its value for protest purposes shall be determined by the county assessor in the same amount as he would assess such property if it were not exempt from taxation.

(b) If privately owned property and publicly owned property are proposed to be annexed in the same proceeding, further proceedings shall not be taken if protest is made by public and private owners of one-half of the value of the territory. The value given privately owned property shall be determined pursuant to subdivision (a) of this section. The value given publicly owned property for protest purposes

shall be determined by the county assessor in the same manner as is provided in subdivision (a) of this section for privately owned property, exempt from taxation.

(c) As used in this article, 'value of the territory' means the value of land and improvements thereon.''

 Under the terms of that statute the trial court correctly decided that the value of the publicly owned property must be included in the denominator of the fraction by which the proportion of protest is measured. By that computation, the protest was insufficient, in that the protestors' portion was less than one-half of the whole area.

 Plaintiffs argue that where the statute refers to ''The value given publicly owned property for protest purposes'' it means that the publicly owned property shall not be considered unless the owner of public property joins in the protest. Nothing in the statute or its history supports that interpretation. The phrase ''for protest purposes'' means for the purpose of determining whether or not protest is made by owners of one-half the value of the territory. The publicly owned property must be considered in arriving at the denominator as well as the numerator of the protest fraction.

This interpretation is consistent with what was decided in *Guerrieri* v. *City of Fontana* (1965) 232 Cal.App.2d 417 [42 Cal.Rptr. 781], which involved the interpretation of subdivision (a) of section 35313, dealing with the annexation of territory consisting of taxable private property and tax-exempt private property. In rejecting the contention that the value of the exempt property could not be considered unless an owner of exempt property protested, the court said (at p. 421): ''The use of the words 'for protest purposes' seems to us to mean protest purposes of every kind and nature; the meaning cannot sensibly be limited to protest purposes only if the owner of such property exempt from taxation is a protestant.''

Plaintiffs argue that the historical development of the law demonstrates a legislative intent in support of their position. What the history actually shows is that section 35313 and its predecessor statutes have been amended a great many times since 1899, and that some of the statutory changes have been substantial. (For a review of the statutory history to 1955 see 30 Ops.Cal.Atty.Gen. 1.)

Plaintiffs are asking this court to apply the method of computation which was approved in *Heller* v. *City Council* (1958) 157 Cal.App.2d 441 [321 P.2d 97]. In that case the

territory to be annexed included private property assessed at about $203,000 and public property (not on the assessment roll) valued at over $800,000. Protests were made by owners of private property assessed at $198,000. The proceedings took place in 1956 when section 35313 included this language: ''If protest is made by the owners of one-half of the value of the territory as shown by the last equalized assessment roll, or if protest is made by public and private owners equal to one-half of the value of the territory proposed to be annexed, further proceedings shall not be taken.''

That language provided two alternative means of establishing a majority protest. If either alternative existed, the annexation was prohibited. Thus under that statute, a majority of the assessed (*i.e.*, privately owned) property could block the annexation irrespective of the value of the publicly owned property. The 1963 amendment to section 35313 eliminated the alternatives and provided for combining the values of the public and private property so that the method of computation approved in *Heller* is no longer applicable.

The judgment is affirmed.

Jefferson, J., and Collins, J. pro tem.,* concurred.

———
*Assigned by the Chairman of the Judicial Council.